IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **GPS INDUSTRIES LLC** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | |
| § | |
| **BUSHNELL CORPORATION,** § | Case No. 1:11-cv-00385 |
| **CALLAWAY GOLF COMPANY,** § | |
| **EXPRESSO SATELLITE** § | |
| **NAVIGATION, INC.,** § | **Jury Demanded** |
| **GARMIN INTERNATIONAL, INC.,** § | |
| **GOPLANET CORPORATION,** § | |
| **SAVANT GPS LLC, and** § | |
| **SKYSHOT USA INC.** § | |
| § | |
| **Defendants.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

GPS Industries, LLC files this Original Complaint for Patent Infringement and Demand for Jury Trial against Bushnell Corporation, Callaway Golf Company, Expresso Satellite Navigation, Inc., Garmin International, Inc., GoPlanet Corporation, Savant GPS LLC, SkyShot USA Inc., and alleges as follows:

**THE PARTIES**

1. GPS Industries, LLC ("GPSi") is a Delaware limited liability company with a place of business located at 8500 N. MOPAC, Suite 502, Austin, Travis County, Texas 78759.

2. Bushnell Corporation ("Bushnell") is a Delaware corporation with a principal place of business at 9200 Cody, Overland Park, Kansas 66214-1734. Bushnell does business in Texas, including business within this judicial district. Bushnell may be served with process by

serving its registered agent, National Registered Agents, Inc. of Kansas, located at 2101 SW 21st Street, Topeka, Kansas 66604.

3. Callaway Golf Company ("Callaway") is a Delaware corporation with a principal place of business at 2180 Rutherford Road, Carlsbad, California 92008-7328. Callaway does business in Texas, including business within this judicial district. Callaway may be served with process by serving its registered agent, National Registered Agents, Inc., located at 16055 Space Center, Suite 235, Houston, Texas, 77062.

4. Expresso Satellite Navigation, Inc. ("Expresso") is an Indiana corporation with a principal place of business at 824 Lincolnway, 3rd Floor, LaPorte, Indiana 46350. Upon information and belief, Expresso does business in Texas, including business within this judicial district. Expresso may be served with process by serving its registered agent, Michael Aroney, located at 824 Lincolnway, La Porte, Indiana 46350.

5. Garmin International, Inc., ("Garmin") is a Kansas corporation with a principal place of business at 1200 E. 151st Street, Olathe, Kansas 66062-3426. Upon information and belief, Garmin does business in Texas, including business within this judicial district. Garmin may be served with process by serving its registered agent, National Registered Agents, Inc., located at 16055 Space Center, Suite 235, Houston, Texas 77062.

6. GoPlanet Corporation, ("GoPlanet") is a Taiwanese corporation with a principal place of business at 6F, No. 415, Sec. 2, Ti-Ding Blvd., Neihu Dist., Taipei, Taiwan 11493. Upon information and belief, GoPlanet does business in Texas, including business within this judicial district. Upon proper motion, GPSi will request the Court to issue a letter rogatory requesting service of summons and complaint upon this Taiwanese corporation.

7. Savant GPS LLC ("Savant") is a Texas corporation with a principal place of business at 6814 Gant Road, Suite 124, Houston, Texas 77066. Upon information and belief, Savant does business in Texas, including business within this judicial district. Savant may be served with process by serving its registered agent, Jimmie Lynn Williams, located at 6814 Gant Road, Suite 124, Houston, Texas 77066.

8. SkyShot USA Inc. ("SkyShot") is a California corporation with a principal place of business at 19700 Fairchild Road, Suite 100, Irvine, California 92612. Upon information and belief, SkyShot does business in Texas, including business within this judicial district. SkyShot may be served with process by serving its registered agent, Mei-Ling Chen, located at 19700 Fairchild Road, Suite 100, Irvine, California 92612.

## THE PATENT

9. On August 1, 1995, U.S. Patent No. 5,438,518, entitled "Player Positioning and Distance Finding System" ("the '518 patent") was duly and legally issued. A true and correct copy of the '518 is attached as Exhibit A.

10. On or about October 27, 2008, a reexamination of the '518 patent by the United States Patent and Trademark Office ("PTO") was requested by a third party. The PTO granted the request for reexamination and commenced the reexamination of the '518 patent.

11. On or about October 6, 2010, the reexamination proceedings concluded with the PTO issuing a Notice of Intent to Issue a Reexamination Certificate confirming that all claims of the '518 patent that were subject of the reexamination were determined to be patentable as amended.

12. On January 18, 2011, the PTO issued Ex Parte Reexamination Certificate (7989th) for U.S. Patent No. 5,438,518, entitled "Player Positioning and Distance Finding System". A true and correct copy of the Ex Parte Reexamination Certificate is attached as Exhibit B.

13. Pursuant to 35 U.S.C. § 282, the '518 patent is presumed valid.

14. GPSi is the owner by assignment of the '518 patent and has all substantial rights in and to the '518 patent, including the right to sue and collect damages for past, present and future infringement of the '518 patent.

15. The '518 patent generally relates to methods and systems for GPS-based golf course distance measuring and tracking.

## JURISDICTION & VENUE

16. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281.

17. This Court has jurisdiction over the claim for patent infringement under 28 U.S.C. § 1338(a). Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

18. Bushnell, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '518 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

19. Callaway, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '518 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

20. Expresso, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '518 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

21. Garmin, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '518 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

22. GoPlanet, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '518 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

23. Savant, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '518 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

24. SkyShot, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '518 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

## CLAIMS FOR PATENT INFRINGEMENT

### Bushnell Corporation's Infringement of the '518 Patent

25. Bushnell has infringed and continues to directly infringe the '518 patent by making, using, selling, offering to sell, leasing, importing and/or exporting GPS-based range finders, and contributing to and or inducing infringement of one or more claims of the '518 patent.

26. The Bushnell products that infringe the '518 patent include, but are not limited to, Bushnell rangefinders such as the Yardage Pro XGC+, the Yardage Pro XGC, the Neo+ and the PinSeeker Hybrid Laser/GPS Rangefinder (collectively referred to herein as the "Bushnell Rangefinder Systems").

27. In addition to its direct infringement of the '518 patent, Bushnell has infringed and continues to infringe the '518 patent by actively inducing direct infringement by end-users who purchase and use the aforementioned Bushnell Rangefinder Systems.

28. Bushnell has the specific intent to encourage direct infringement of the '160 patent by end users who use the aforementioned Bushnell Rangefinder Systems.

29. Bushnell's sales, advertising, and instructions have induced direct infringement of the '518 patent by end users who use the aforementioned Bushnell Rangefinder Systems.

30. Bushnell knew or should have know that its actions would induce direct infringement of the '518 patent by end users who use the aforementioned Bushnell Rangefinder Systems.

31. Upon information and belief, Bushnell provides continuing support services to end-users with the intent of enabling them to practice the methods claimed in the '518 patent without a license.

32. By making, using, selling, offering to sell, leasing, importing and/or exporting the Bushnell Rangefinder Systems, Bushnell has infringed and continues to infringe, either directly or indirectly (by inducing infringement or contributory infringement), at least claims 1, 33, and 41 of the '518 patent.

33. Bushnell infringes the '518 patent either literally or under the doctrine of equivalents.

### Callaway Golf Company's Infringement of the '518 Patent

34. Callaway has infringed and continues to directly infringe the '518 patent by making, using, selling, offering to sell, leasing, importing and/or exporting GPS-based range finders, and contributing to and or inducing infringement of one or more claims of the '518 patent.

35. The Callaway products that infringe the '518 patent include, but are not limited to, Callaway rangefinders such as the uPro and the uProGo (collectively referred to herein as the "Callaway Rangefinder Systems").

36. In addition to its direct infringement of the '518 patent, Callaway has infringed and continues to infringe the '518 patent by actively inducing direct infringement by end-users who purchase and use the aforementioned Callaway Rangefinder Systems.

37. Callaway has the specific intent to encourage direct infringement of the '160 patent by end users who use the aforementioned Callaway Rangefinder Systems.

38. Callaway's sales, advertising, and instructions have induced direct infringement of the '518 patent by end users who use the aforementioned Callaway Rangefinder Systems.

39. Callaway knew or should have know that its actions would induce direct infringement of the '518 patent by end users who use the aforementioned Callaway Rangefinder Systems.

40. Upon information and belief, Callaway provides continuing support services to end-users with the intent of enabling them to practice the methods claimed in the '518 patent without a license.

41. By making, using, selling, offering to sell, leasing, importing and/or exporting the Callaway Rangefinder Systems, Callaway has infringed and continues to infringe, either directly or indirectly (by inducing infringement or contributory infringement), at least claims 1, 33, and 41 of the '518 patent.

42. Callaway infringes the '518 patent either literally or under the doctrine of equivalents.

### Expresso's Infringement of the '518 Patent

43. Expresso has infringed and continues to directly infringe the '518 patent by making, using, selling, offering to sell, leasing, importing and/or exporting GPS-based range finders, and contributing to and or inducing infringement of one or more claims of the '518 patent.

44. The Expresso product that infringes the '518 patent includes, but is not limited to, the Expresso rangefinder AG1 (referred to herein as the "Expresso Rangefinder System").

45. In addition to its direct infringement of the '518 patent, Expresso has infringed and continues to infringe the '518 patent by actively inducing direct infringement by end-users who purchase and use the aforementioned Expresso Rangefinder System.

46. Expresso has the specific intent to encourage direct infringement of the '160 patent by end users who use the aforementioned Expresso Rangefinder System.

47. Expresso's sales, advertising, and instructions have induced direct infringement of the '518 patent by end users who use the aforementioned Expresso Rangefinder System.

48. Expresso knew or should have know that its actions would induce direct infringement of the '518 patent by end users who use the aforementioned Expresso Rangefinder System.

49. Upon information and belief, Expresso provides continuing support services to end-users with the intent of enabling them to practice the methods claimed in the '518 patent without a license.

50. By making, using, selling, offering to sell, leasing, importing and/or exporting the Expresso Rangefinder System, Expresso has infringed and continues to infringe, either directly or indirectly (by inducing infringement or contributory infringement), at least claims 1, 33, and 41 of the '518 patent.

51. Expresso infringes the '518 patent either literally or under the doctrine of equivalents.

## Garmin's Infringement of the '518 Patent

52. Garmin has infringed and continues to directly infringe the '518 patent by making, using, selling, offering to sell, leasing, importing and/or exporting GPS-based range finders, and contributing to and or inducing infringement of one or more claims of the '518 patent.

53. The Garmin products that infringe the '518 patent include, but are not limited to, Garmin rangefinders such as the Approach G3 and the Approach G5 (collectively referred to herein as the "Garmin Rangefinder Systems").

54. In addition to its direct infringement of the '518 patent, Garmin has infringed and continues to infringe the '518 patent by actively inducing direct infringement by end-users who purchase and use the aforementioned Garmin Rangefinder Systems.

55. Garmin has the specific intent to encourage direct infringement of the '160 patent by end users who use the aforementioned Garmin Rangefinder Systems.

56. Garmin's sales, advertising, and instructions have induced direct infringement of the '518 patent by end users who use the aforementioned Garmin Rangefinder Systems.

57. Garmin knew or should have know that its actions would induce direct infringement of the '518 patent by end users who use the aforementioned Garmin Rangefinder Systems.

58. Upon information and belief, Garmin provides continuing support services to end-users with the intent of enabling them to practice the methods claimed in the '518 patent without a license.

59. By making, using, selling, offering to sell, leasing, importing and/or exporting the Garmin Rangefinder Systems, Garmin has infringed and continues to infringe, either directly or indirectly (by inducing infringement or contributory infringement), at least claims 1, 33, and 41 of the '518 patent.

60. Garmin infringes the '518 patent either literally or under the doctrine of equivalents.

**GoPlanet Corporation's Infringement of the '518 Patent**

61. GoPlanet has infringed and continues to directly infringe the '518 patent by making, using, selling, offering to sell, leasing, importing and/or exporting GPS-based range finders, and contributing to and or inducing infringement of one or more claims of the '518 patent.

62. The GoPlanet product that infringes the '518 patent includes, but is not limited to, the GoPlanet Mars 500 (referred to herein as the "GoPlanet Rangefinder System").

63. In addition to its direct infringement of the '518 patent, GoPlanet has infringed and continues to infringe the '518 patent by actively inducing direct infringement by end-users who purchase and use the aforementioned GoPlanet Rangefinder System.

64. GoPlanet has the specific intent to encourage direct infringement of the '160 patent by end users who use the aforementioned GoPlanet Rangefinder System.

65. GoPlanet's sales, advertising, and instructions have induced direct infringement of the '518 patent by end users who use the aforementioned GoPlanet Rangefinder System.

66. GoPlanet knew or should have know that its actions would induce direct infringement of the '518 patent by end users who use the aforementioned GoPlanet Rangefinder System.

67. Upon information and belief, GoPlanet provides continuing support services to end-users with the intent of enabling them to practice the methods claimed in the '518 patent without a license.

68. By making, using, selling, offering to sell, leasing, importing and/or exporting the GoPlanet Rangefinder System, GoPlanet has infringed and continues to infringe, either directly

11

or indirectly (by inducing infringement or contributory infringement), at least claims 1, 33, and 41 of the '518 patent.

69. GoPlanet infringes the '518 patent either literally or under the doctrine of equivalents.

### Savant GPS LLC's Infringement of the '518 Patent

70. Savant has infringed and continues to directly infringe the '518 patent by making, using, selling, offering to sell, leasing, importing and/or exporting GPS-based range finders, and contributing to and or inducing infringement of one or more claims of the '518 patent.

71. The Savant product that infringes the '518 patent includes, but is not limited to, the Savant rangefinder OnPar Touchscreen GPS Rangefinder (referred to herein as the "Savant Rangefinder System").

72. In addition to its direct infringement of the '518 patent, Savant has infringed and continues to infringe the '518 patent by actively inducing direct infringement by end-users who purchase and use the aforementioned Savant Rangefinder System.

73. Savant has the specific intent to encourage direct infringement of the '160 patent by end users who use the aforementioned Savant Rangefinder System.

74. Savant's sales, advertising, and instructions have induced direct infringement of the '518 patent by end users who use the aforementioned Savant Rangefinder System.

75. Savant knew or should have know that its actions would induce direct infringement of the '518 patent by end users who use the aforementioned Savant Rangefinder System.

76. Upon information and belief, Savant provides continuing support services to end-users with the intent of enabling them to practice the methods claimed in the '518 patent without a license.

77. By making, using, selling, offering to sell, leasing, importing and/or exporting the Savant Rangefinder System, Savant has infringed and continues to infringe, either directly or indirectly (by inducing infringement or contributory infringement), at least claims 1, 33, and 41 of the '518 patent.

78. Savant infringes the '518 patent either literally or under the doctrine of equivalents.

### SkyShot USA Inc.'s Infringement of the '518 Patent

79. SkyShot has infringed and continues to directly infringe the '518 patent by making, using, selling, offering to sell, leasing, importing and/or exporting GPS-based range finders, and contributing to and or inducing infringement of one or more claims of the '518 patent.

80. Upon information and belief, SkyShot sells GPS-based range finders in the United States on behalf of Sonostar, Inc., a Taiwanese corporation, and original design manufacturer of sports technology hardware and software, including GPS-based range finders and golf training aids under the trade name of "Sonocaddie", including the Sonocaddie V500, the Sonocaddie V300+ and the Sonocaddie V300.

81. The SkyShot products that infringe the '518 patent include, but are not limited to, "Sonocaddie" rangefinders such as the V500, the V300+, and the V300 (collectively referred to herein as the "SkyShot Rangefinder Systems").

82. In addition to its direct infringement of the '518 patent, SkyShot has infringed and continues to infringe the '518 patent by actively inducing direct infringement by end-users who purchase and use the aforementioned SkyShot Rangefinder Systems.

83. SkyShot has the specific intent to encourage direct infringement of the '160 patent by end users who use the aforementioned SkyShot Rangefinder Systems.

84. SkyShot's sales, advertising, and instructions have induced direct infringement of the '518 patent by end users who use the aforementioned SkyShot Rangefinder Systems.

85. SkyShot knew or should have know that its actions would induce direct infringement of the '518 patent by end users who use the aforementioned SkyShot Rangefinder Systems.

86. Upon information and belief, SkyShot provides continuing support services to end-users with the intent of enabling them to practice the methods claimed in the '518 patent without a license.

87. By making, using, selling, offering to sell, leasing, importing and/or exporting the SkyShot Rangefinder Systems, SkyShot has infringed and continues to infringe, either directly or indirectly (by inducing infringement or contributory infringement), at least claims 1, 33, and 41 of the '518 patent.

88. SkyShot infringes the '518 patent either literally or under the doctrine of equivalents.

**DAMAGES**

89. The infringement of the '518 patent as alleged above has injured GPSi and thus, it is entitled to recover damages adequate to compensate for Defendants' infringement, which in no event can be less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, GPSi prays for entry of judgment:

A. That Defendants Bushnell, Callaway, Expresso, Garmin, GoPlanet, Savant, and SkyShot, have infringed one or more claims of the '518 patent;

B. That Defendants Bushnell, Callaway, Expresso, Garmin, GoPlanet, Savant, and SkyShot account for and pay to GPSi all damages caused by the infringement of the '518 patent, which by statute can be no less than a reasonable royalty;

C. That Defendants be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '518 patent;

D. That GPSi be granted its attorneys' fees in this action;

E. That costs be awarded to GPSi; and

F. That GPSi be granted such other and further relief that is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

GPSi demands a jury trial on all claims and issues so triable.

Dated: May 10, 2011

Respectfully Submitted,

/s/ Matthew J.M. Prebeg
Matthew J.M. Prebeg. Texas Bar No. 00791465
Scott M. Clearman, Texas Bar No. 04350090
**CLEARMAN | PREBEG LLP**
815 Walker, Suite 1040
Houston, TX  77002
Phone:    713-223-7070
Fax:       713-223-7071
Email:    mprebeg@clearmanprebeg.com
           sclearman@clearmanprebeg.com

ATTORNEYS FOR PLAINTIFF