IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GPS INDUSTRIES LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. A-11-CA-385-LY |
| | § | |
| EXPRESSO SATELLITE | § | |
| NAVIGATION, INC. AND | § | |
| SKYSHOT USA INC., | § | |
| DEFENDANTS. | § | |

## ORDER

Before the court in the above styled and numbered cause is Plaintiff GPS Industries, Inc.'s ("GPS") Plaintiff's Motion To Strike Pleadings and For Default Judgment Against Defendant Expresso Satellite Navigation, Inc., filed April 25, 2012 (Clerk's Document No. 62) and GPS's Plaintiff's Notices filed April 27, 2011 and May 11, 2012 (Clerk's Document Nos. 63 & 64). To date Expresso has not filed a response to GPS's motion.

GPS motion outlines the history of this action between it and Expresso that, in summary, is that GPS filed this action on May 10, 2011, Expresso answered, and alleged counterclaims against GPS on October 24, 2011 (Clerk's Document No. 38). The court rendered a scheduling order on November 16, 2011 (Clerk's Document No. 51). Expresso's counsel of record moved to withdraw his representation of Expresso and on February 28, 2012, the court held a hearing on the motion. All parties were represented by counsel at the February 28 hearing, and Mr. Michael J. Aroney, the corporate representative of Expresso, personally appeared. The court admonished Aroney that Expresso cannot represent itself *pro se* in this action, that Expresso must secure an attorney, and warned Aroney that there were upcoming filing deadlines scheduled. The court granted Expresso's

attorney's request to withdraw as counsel of record on February 28, 2012 (Clerk's Document No. 61).

Included with GPS's motion to strike is an affidavit by GPS's attorney, Stephen W. Abbott, which provides that Abbott met with Aroney after the February 28 hearing and represented to Aroney that GPS would not seek a post-answer default judgment against Expresso for 30 days after the hearing to afford Expresso an opportunity to secure counsel. As of this date, no attorney has appeared on behalf of Expresso.

GPS informs the court that Expresso has failed to participate in this action to any degree since the February 28 hearing, and has to date failed to comply with the following scheduling-order deadlines: (1) disclose invalidity contentions on or before April 20, 2012; (2) disclose whether Expresso intends to use one or more experts on or before April 27, 2012; (3) identify and disclose claim terms to be construed on or before April 27, 2012; (4) file a joint claims-construction statement with details on or before May 11, 2012; and (5) disclose all claims-construction expert witnesses and provide witnesses' reports on or before June 1, 2012. GPS contends that Expresso's noncompliance with the scheduling order's deadlines had prejudiced GPS's ability to prepare its case, and has made it impossible for GPS to prepare a defense to Expresso's counterclaims.

GPS moves the court to strike Expresso's answer and counterclaims and requests that the court render default judgment against Expresso as to Expresso's liability on GPS's claims. *See* Fed. R. Civ. P. 16(f), 55. GPS contends that based Expresso's refusal to defend against or otherwise participate in this action, there exists no reasonable lesser remedy than for the court to strike Expresso's pleadings and render default judgment in favor of GPS as a sanction against Expresso. *See In re Matter of Pancake*, 106 F.3d 1242, 1244-45 (5th Cir. 1997) (when defendant's answer

stricken as sanction for refusal to comply with court order or impeding course of litigation, and default sought, situation treated as no-answer default judgment, as if no answer had been filed). GPS requests the court strike Expresso's answer and counterclaim due to Expresso's repeated and continuous failure to participate in these proceedings despite notice, and for failure to comply with the court's scheduling order. Further, GPS contends that the court should render default judgment against Expresso because Expresso has failed to defend against GPS's suit. Fed. R. Civ. P. 55(a), (b)(2). As GPS seeks unliquidated damages against Expresso, GPS requests that the court set a hearing for the presentation of evidence in support of its request for damages, including but not limited to GPS's attorney's fees, costs, prejudgement interest, and postjudgment interest. *See* Fed. R. Civ. P. 55(b)(2)(B).

Expresso's response to GPS's motion was due May 10, 2012. *See* W.D. Tex. Local R. CV-7(e).[1] As of the date of this order, Expresso has not responded to the motion, therefore, the motion may be granted as the motion is unopposed.

At the February 28 hearing, the court admonished Aroney that he needed to retain counsel to represent Expresso in this action and be mindful of all upcoming deadlines. Since the February 28, 2012 hearing, no attorney has appeared on behalf of Expresso and Expresso has failed to comply with the several scheduling-order requirements and deadlines described in this Order. Having reviewed the motion, GPS's Plaintiff's Notices, the case file, the applicable law, the lack of a response by Expresso to GPS's motion, the court will grant GPS's motion, deem stricken from the

---

[1] On April 25, 2012, the Local Rules for the Western District of Texas were amended and provide that a response to a dispositive motion must be filed on or before 14 days after the filing of the motion and a response to a nondispositive motion be filed on or before 7 days after the filing of the motion. If there is no response filed within the prescribed time period, the court may grant the motion as unopposed *See* W.D. Tex. Local R. CV-7(e)(2).

record Expresso's answer and counterclaims as a sanction for failure to comply with the court's scheduling order, deem the allegations in GPS's amended complaint alleged against Expresso admitted, render default judgment as to liability against Expresso with regard to GPS's claims, and set a hearing to determine GPS's damages.

**IT IS ORDERED** that Plaintiff GPS Industries, Inc.'s Plaintiff's Motion To Strike Pleadings and For Default Judgment Against Defendant Expresso Satellite Navigation, Inc. filed April 25, 2012 (Clerk's Document No. 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Expresso Satellite Navigation, Inc.'s Original Answer, Affirmative Defenses, and Counterclaims filed October 24, 2011 (Clerk's Document No. 38) are **DEEMED STRICKEN FROM THE RECORD IN THIS CAUSE**.

**IT IS FURTHER ORDERED** that the allegations in Plaintiff GPS Industries LLC's Plaintiff's First Amended Complaint For Patent Infringement and Demand For Jury Trial against Defendant Expresso Satellite Navigation, Inc., filed August 3, 2011 (Clerk's Document No. 9) are **DEEMED ADMITTED**.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is hereby rendered as to liability against Expresso Satellite Navigation, Inc., on the claims alleged by GPS Industries LLC against Expresso Satellite Navigation, Inc. in this action.

**IT IS FURTHER ORDERED** that this court's Joint Initial Scheduling Order rendered November 16, 2011, is **ABATED**, pending further order of this court, and the August 3, 2012 tutorial and claims-construction hearing is **CANCELED**.

**IT IS FINALLY ORDERED** that a hearing to determine GPS Industries's entitlement to damages and other relief will be set at a later date.

SIGNED this **25th** day of June, 2012.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE